Electronically Filed by Superior Court of California, County of Orange, 12/30/2020 05:18:37 PM.
30-2020-01176684-CU-OE-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Dominique Carr, Deputy Clerk.

Case 8:21-cv-00346-CJC-DFM   Document 1-1   Filed 02/22/21   Page 1 of 17   Page ID #:13

CECILIA N. BRENNAN, ESQ. (SBN 243954)
HKM EMPLOYMENT ATTORNEYS LLP
401 WEST A ST., SUITE 200 (#5)
SAN DIEGO, CALIFORNIA 92101
TEL/FAX: (619) 717-6409
EMAIL: cbrennan@hkm.com

Attorneys for Plaintiff CAROL EDWARDS

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE**

**UNLIMITED JURISDICTION**

| | |
|---|---|
| CAROL EDWARDS, an individual.<br><br>Plaintiff,<br><br>v.<br><br>ATOS, a business entity, form unknown; and DOES 1 through 20, inclusive.<br><br>Defendants. | Case No.: 30-2020-01176684-CU-OE-CJC<br>**Assigned for All Purposes**<br>Judge Charles Margines<br>Unlimited Civil Case<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. **AGE DISCRIMINATION;**<br>2. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br>3. **VIOLATION OF THE CALIFORNIA FAIR PAY ACT; AND**<br>4. **FAILURE TO TIMELY PROVIDE EMPLOYMENT RECORDS IN VIOLATION OF LABOR CODE § 1198.5;**<br>5. **VIOLATIONS OF UNFAIR BUSINESS PRACTICES ACT**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

COMES NOW Plaintiff CAROL EDWARDS (hereinafter "Plaintiff") states and complains against Defendant ATOS, a French Company with California operations, (hereinafter "Atos" or "Defendant" or "Company"), and DOES 1 through 20, inclusive, and alleges in this Complaint as follows:

1
Complaint

# INTRODUCTION

Plaintiff Carol Edwards worked in various sales roles and as an Account Manager, Business Solutions Manager, Client Sales Executive and Strategic Account Executive from March 2014 through July 18, 2019 before being abruptly and wrongfully terminated without the Company possessing a non-discriminatory or legitimate, business reason. Plaintiff completed all job functions, roles and responsibilities of an Atos account manager in at least a satisfactory manner, often exceeding expectations and having never received a negative performance evaluation, letter of concern or disciplinary action.

Plaintiff was wrongfully terminated on July 18, 2019 by Mark Stacy, VP of Sales, after the CEO broadcasted that the "company needs less gray hair" just months earlier during a Company-wide townhall meeting. In fact, during the call when Mr. Stacy terminated Plaintiff, he stated that she was being fired for performance reasons. However, Plaintiff had one of the highest sales numbers for the second quarter of 2019. She was also recognized in an email sent by Tim Gaines, VP of North America on March 22, 2019 for selling the first Cloud Circuit Meeting Room solution to the City of Wichita. Moreover, four days after Plaintiff's termination, one of her superiors and a Solutions Engineering Manager provided a letter of recommendation indicating that Plaintiff always met and exceeded revenue targets further evidencing the pretext and discriminatory motive behind the wrongful termination.

The discrimination, retaliation and wrongful termination by Defendant caused Plaintiff to suffer economic damages, mental anguish, emotional distress, humiliation, embarrassment, and the loss of enjoyment of life, among other things.

Plaintiff brings this action for relief from Defendant's violations of Plaintiff's civil rights. Such violations include: discrimination based on age in violation of the Fair Employment and Housing Act, Government Code § 12900, *et. seq.* ("FEHA"); failure to prevent harassment and discrimination, in violation of FEHA; retaliation, in violation of FEHA; discrimination and wrongful termination in violation of public policy; and violation of California's Labor Code and other fair and equal pay statutes (as she received a lower wage than male counterparts and sales representatives despite performing work of similar

skill, effort, and responsibility for the same employer under similar working conditions including but not limited to Tom Boylan, Frank Genevieve, John Sullivan, Walter Allan, Jeff Patronik and Steve Black). Plaintiff seeks equitable relief, including injunctive relief, damages, including compensatory and emotional distress damages, plus reasonable attorneys' fees and costs for Defendants' violations of Plaintiff's rights.

**JURISDICTION AND VENUE**

1. Pursuant to Article VI, Section 10 of the California Constitution, subject matter jurisdiction is proper in the Superior Court of California, County of Orange, State of California.

2. Pursuant to Code of Civil Procedure § 395, venue is proper in the Superior Court of California for the County of Orange, because this is where Plaintiff is employed and where the wrongful misconduct alleged herein occurred. The amount of damages sought exceed the minimum jurisdiction of this court.

3. On or about January 7, 2020, the California Department of Fair Employment and Housing ("DFEH") provided Plaintiff with a right to sue letter (and an amended right to sue letter on August 13, 2020). This action has been filed within all applicable statutory time periods.

4. Accordingly, this Court has jurisdiction, and venue is proper.

**PARTIES**

5. Plaintiff is a 63-year-old female who worked for Atos at 9672 Ravenscroft Rd., Santa Ana, California for over 5 years. Plaintiff is and was at all times relevant to this Complaint, a resident of the State of California, County of Orange. Additionally, Atos issued Plaintiff business cards with San Jose, Santa Ana and San Diego addresses.

6. Plaintiff is protected under the nondiscrimination laws, including FEHA, based on her age and gender, and she received a lower wage than male comparators in violation of California's fair and equal pay act statutes.

///

7. Plaintiff is informed and believes, and based thereon alleges, that Atos is and was at all times relevant to this Complaint, operating within the State of California and operating under the laws of California, doing business in Orange County. Atos is a global digital solutions and transformation company with its main office in France and North American headquarters at 4851 Regent Boulevard, Irving, TX 75063, with regional offices throughout North America including an office while Plaintiff was employed at 1470 Technology Drive, San Jose, CA 95110.

8. At all times relevant herein, Defendant was an employer subject to FEHA, the California Equal Pay Act, and other relevant anti-discrimination statutes, and Defendant Atos has over 5 employees.

9. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 20 and therefore Plaintiff sues these Defendants by such fictitious names pursuant to Code of Civil Procedure § 474. Plaintiff will amend the Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereupon alleges, that each of the fictitiously-named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were legally caused by such Defendants.

10. Plaintiff is informed and believes, and thereupon alleges, that all of the Defendants including those sued herein as DOES 1 through 20 were and are the agents, alter egos, partners, joint venturers, co-conspirators, principals, shareholders, servants, employers, employees and the like of their co-Defendants, and in doing the things hereinafter mentioned, were acting within the course and scope of their authority as such agents, alter egos, partners, joint venturers, co-conspirators, principals, shareholders, servants, employers, and employees and the like with the permission, ratification or consent of their co-Defendants and thus are legally liable for damages resulting from the acts or omissions of the others.

/ / /

/ / /

## FACTS COMMON TO ALL CAUSES OF ACTION

11. Plaintiff worked in various sales roles and as an account manager and business solutions manager from March 2014 through July 18, 2019.

12. In 2017, Plaintiff achieved 158% of her quota working in Atos Public Sector group and was recognized by Mark Stacy at the 2018 Annual Sales Conference in March 2018.

13. In February 2018, the Company reassigned Plaintiff to Unify in Southern California in a territory sales role.

14. Plaintiff spent the first four months of 2018 finishing work in the Atos public sector role and transitioning her work to other Atos team members so that she could seamlessly move into the Unify role.

15. When Plaintiff asked her Director, Russell Brodsky, about doing both assignments, he told her to continue to finish the Atos Public Sector work.

16. Mr. Brodsky also told Plaintiff to join both the Atos Public Sector team and forecast calls and his Unify team and forecast calls.

17. Plaintiff was essentially working on two teams and held accountable for 100% of the Unify quota assigned.

18. In April 2018, the Company assigned a quota for January - June 2018 which was unattainable, as Plaintiff only had two months to meet six months' quota.

19. Other sales representatives received installed base accounts in their geographic territories while Unify did not direct any new installed base accounts to Plaintiff in her territory.

20. Accounts listed as new installed base customers like Evangelical Christian Church were quickly called and it was determined they were lost years ago and were dead accounts.

21. In an attempt to make it look like she was being given new installed base accounts, Mark Stacy gave Plaintiff a couple dead accounts which she quickly discovered had left Unify.

///

22. Upon notifying Mark Stacy and Russell Brodsky, Plaintiff was told to work only with her legacy of four installed base customers which she had already sold everything possible in 2017 to achieve her quota. Instead, Mr. Stacy assigned the Southern California customers to younger representative in her territory.

23. Plaintiff also was not permitted to work outside of her territory while Atos granted special exception to the other representative outside Plaintiff's protected classes to work in multiple territories.

24. During the first quarter of 2019, Atos wrongfully denied Plaintiff a position with the Atos Public Sector Group for which she interviewed and was well qualified considering she exceeded her quota in the public sector by 158% in 2017. This was the same position and role she had in 2017.

25. Mr. Stacy, without possessing a non-discriminatory reason, denied Plaintiff the opportunity to return to the public sector group, and Mr. Stacy did not respond to Carol's email or voicemail requests to discuss the opportunity.

26. Mr. Stacy asked his Director, Joe Moschella to discuss it with Plaintiff.

27. Joe Moschella told Plaintiff to stop talking to the Atos Public Sector VP of Sales, Clayton Harbeck.

28. Mr. Moschella stated he was going to give Plaintiff the Santa Barbara Cottage Hospital account, but since she said she wanted to apply for another position he refused to give Plaintiff the Santa Barbara Cottage Hospital account which he promised explaining that he would need to reassign the account if she moved positions within the Company at a later date.

29. The individual assigned to the account was Kevin Snowden, based in Texas and outside her protected classes. Upon information and belief, Mr. Snowden, had worked for Joe Moschella for many years prior and they were friends.

30. Nonetheless, Plaintiff received the following praise publicly through an e-mail on March 28, 2019 sent to the team by Mr. Moschella:

6
Complaint

Team,

I wanted to share this very positive video from The City of Wichita that outlines the great work result the City is seeing as a result of the great work done by Carol Edwards, Jane Jellema, Greg Little and the extended team at this account. See below for Carol's description of the event and congratulations to all.

**Joe Moschella**
VP of Sales
ATOS Collaboration Solutions

31. During the second quarter of 2019, Atos again assigned a quota at the end of April which was for January – June 2019 and, therefore, impossible to meet.

32. On April 23, 2019, the Company held an Executive VP town hall meeting, and Tim Gaines, VP Unify North America, hosted a webinar.

33. Mr. Gaines reported that the sales team would be restructured and that the economic downturn and state of the industry resulted in low sales numbers.

34. The sales teams were split into two main groups with the exception of two women who were going to be direct reports to Mark Stacy, VP of Sales.

35. As part of the restructuring, Plaintiff reported to Mr. Stacy.

36. On April 29, 2019, Mr. Stacy conducted a conference call with Plaintiff and another sales representative, Kelly Doer, where Mr. Stacy directed that he would hold weekly one on one and a weekly group/team meeting with both of them.

37. Ms. Doer either missed or was late for the first three team calls, and Mr. Stacy terminated her.

38. Mr. Stacy then reassigned Plaintiff two Global accounts – Hyatt and Valmont Industries. Mr. Stacey completed one customer introduction call on June 5, 2019 and that was the official transitioning of the accounts to Plaintiff.

39. Thereafter, Mr. Stacy missed over 90% of the weekly calls he scheduled with Plaintiff. Plaintiff was in the process of working on these accounts and other leads, customers, and new business

opportunities and generating revenue; yet, Atos terminated her employment in July 2019 citing performance as a the pretextual reason.

40. However, it remains apparent that Mr. Stacy had the intent of setting Plaintiff up for failure in order to mask the discriminatory motive behind ultimately terminating her.

41. As such, the Company has created a discriminatory, retaliatory and hostile work environment for older employees.

42. For example, on October 5, 2018, Mr. Stacy demanded that another account manager attend lunch with him in Chicago while the other account manager was visiting for a client meeting. At the lunch, Mr. Stacy began the conversation with the comment, "I thought you would have been retired by now." Mr. Stacy then asked the employee's age, to which he replied "64." Mr. Stacy thereafter personally fired Mr. Ortiz on July 17, 2017 and, during the termination meeting where Mr. Stacy fired four older employees (60s and 70s, and top producers and sellers), he advised them that he made the final decision on all of their terminations.

43. The remaining employees in the Unify Division, where Plaintiff worked, are substantially younger than Plaintiff.

44. Additionally, Simon Walsh, CEO of Atos North America, stated that the company "needs less gray hair," advising that Atos requires younger (i.e. less experienced, lower wage) talent.

45. The discriminatory behavior of Mr. Walsh and Mr. Stacy, Atos senior executives, demonstrates Atos' fostering of a discriminatory environment toward older employees and desire to force them out of the Company without possessing non-discriminatory reasons and replace them with younger, lower wage and less experienced employees (or "less gray hair" and "new talent" as Mr. Walsh commented to mask his discriminatory intent and motivation).

46. Lastly, the Company engaged in the retaliatory conduct of demanding that Plaintiff repay 12 days' worth of wages to Atos.

47. The Company sent a letter, dated November 11, 2019, demanding that Plaintiff send the Company $1,775.66 by December 1, 2019, or $2,463.57 if the payment was submitted thereafter.

48. Atos sent this letter in direct retaliation for Plaintiff's counsel advising Atos' counsel on August 28, 2019 of Plaintiff' discrimination and wrongful termination claims.

49. The demand for repayment of wages also constitutes retaliation for Plaintiff submitting a wage complaint to the California Department of Industrial Relations on November 4, 2019.

50. The retaliatory conduct of demanding an alleged overpayment of wages further violates Section 221 of the California Labor Code specifying that it is unlawful for an employer to collect or receive any part of wages already paid to an employee.

51. Atos engaged in discrimination and harassment based on gender and age in violation of FEHA; failed to prevent retaliation and discrimination, in violation of FEHA; retaliated against Plaintiff, in violation of FEHA; discriminated against and wrongfully terminated Plaintiff in violation of public policy; and violated of the California Labor Code § 1197.5 and Labor Code § 432.3 which contain the state's equal and fair pay act.

52. Atos' actions caused Plaintiff to suffer economic damages, mental anguish, emotional distress, humiliation, embarrassment, and the loss of enjoyment of life, among other things. Plaintiff seeks damages for emotional distress, costs and expenses of litigation, attorneys' fees and injunctive relief requiring Defendants to comply with its legal obligations, as well as additional and further relief as may be appropriate.

## CAUSES OF ACTION

### I.
### FIRST CAUSE OF ACTION
**AGE DISCRIMINATION IN VIOLATION OF FEHA, GOV. CODE § 12940 *ET SEQ*.)**
**(AGAINST ALL DEFENDANTS)**

53. Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth fully herein.

54. Under FEHA, it is unlawful for an employer to discriminate against any employee on the basis of, *inter alia*, age. Cal. Gov. Code § 12940(j).

55. In perpetrating the above-described acts, Defendants, their agents, and/or employees engaged in unlawful age discrimination in violation of FEHA.

56. Defendants terminated Plaintiff because of her age.

57. Company Defendants are strictly liable for the conduct of their agents' conduct, including that of Simon Walsh, CEO of Atos North America, stating that the company "needs less gray hair," advising that Atos requires younger (i.e. less experienced, lower wage) talent.

58. Mr. Stacy also fired older employees. Including Plaintiff, as referenced above due to their age.

59. Defendants, their agents, and/or employees discriminated against Plaintiff because of her age. Defendants also denied Plaintiff positions for which she was qualified as well as sales and business opportunities because of her age as referenced above.

60. As a proximate result of the aforesaid harassment, Plaintiff sustained a loss of earnings, fringe benefits, and/or promotions, and suffered emotional distress, humiliation, embarrassment, and the loss of enjoyment of life, manifested by feelings of depression, humiliation, embarrassment, anxiety, nervousness, and other symptoms of stress. Damage amounts are to be determined at trial.

61. Plaintiff is entitled to damages, reasonable attorneys' fees and costs, and other appropriate relief as determined by this Court.

62. In doing the acts alleged herein, Defendants acted maliciously and oppressively, with the wrongful intent of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were carried out by Defendants acting in a despicable, deliberate, and intentional manner, Plaintiff is entitled to recover damages in an amount according to proof at trial.

///

## II.
## SECOND CAUSE OF ACTION
## (DENIAL OF EQUAL PAY FOR SUBSTANTIALLY SIMILAR WORK IN VIOLATION OF THE CALIFORNIA FAIR PAY ACT
## (FORMERLY THE CALIFORNIA EQUAL PAY ACT)
## (AGAINST ALL DEFENDANTS)

63. Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth fully herein.

64. The California Equal Pay Act was amended to the California Fair Pay Act, California Labor Code §§ 1197.5 *et seq.*, and Defendant further violated the California Labor Code 1197.5 and Labor Code § 432.3 which contain the state's equal and fair pay act by not paying Plaintiff a similar wage to her male counterparts.

65. On information and belief, Plaintiff was paid less than at least one of her male counterparts who performed substantially similar work as Plaintiff.

66. Plaintiff received a lower wage than male counterparts and sales representatives despite performing work of similar skill, effort, and responsibility for the same employer under similar working conditions including but not limited to Tom Boylan, Frank Genevieve, John Sullivan, Walter Allan, Jeff Patronik and Steve Black.

67. Defendants have violated Labor Code § 1197.5 by not paying Plaintiff the same wage rate paid to at least one of her male co-workers who perform substantially similar work when viewed as a composite of skill, effort, and responsibility, and who perform the work under similar working conditions.

68. The wage differential between male and female employees was not due to seniority, merit, the quantity or quality of production, or a bona fide factor other than sex—such as education, training, or experience—but was due to gender. In the alternative, to the extent that Defendants relied upon a bona fide factor other than sex, said factor was based on or derived from a sex-based differential in compensation, was not job-related with respect to the position in question, or was not consistent with a business necessity.

69. In the alternative, to the extent that Defendants relied on one or more of the factors articulated in Paragraph 127, said factor(s) were not reasonably applied and did not account for the entire wage differential.

70. On information and belief, Defendants failed to maintain records of the wages and wage rates, job classifications, and other terms and conditions of employment of their employees, for the required period of three years, violating Labor Code § 1197.5(d).

71. The foregoing conduct constitutes a willful violation of Labor Code §§ 1197.5 *et seq*.

72. As a result of Defendants' willful conduct, Plaintiff has suffered and will continue to suffer harm, including but not limited to lost earnings, benefits, and emotional distress. Plaintiff has also incurred and continues to incur expenses.

73. Pursuant to Labor Code § 1197.5(g), Plaintiff is entitled to the balance of the wages, including the interest thereon; an equal amount as liquidated damages; as well as the costs of suit and reasonable attorneys' fees—notwithstanding any agreement to work for a lesser wage.

### III.
### THIRD CAUSE OF ACTION
### (WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY)
### (AGAINST ALL DEFENDANTS)

74. Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth fully herein.

75. It is the law and public policy of California to bar employers from discriminating against or terminating their employees because of their age. Employers may not terminate an employee based on her age. By denying Plaintiff positions and sales opportunities, discriminating against Plaintiff and terminating her employment in violation of FEHA, Atos violated California's public policy.

76. As a proximate result of Defendants' unlawful acts, Plaintiff sustained a loss of earnings, fringe benefits, and/or promotions, and suffered emotional distress, humiliation,

embarrassment, and the loss of enjoyment of life, manifested by feelings of depression, humiliation, embarrassment, anxiety, nervousness, and other symptoms of stress. Damage amounts are to be determined at trial.

77. Plaintiff is entitled to damages, reasonable attorneys' fees and costs, and other appropriate relief as determined by this Court.

78. In doing the acts alleged herein, Defendants acted maliciously and oppressively, with the wrongful intent of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were carried out by Defendants acting in a despicable, deliberate, and intentional manner, Plaintiff is entitled to recover damages in an amount according to proof at trial.

## IV.
## FOURTH CAUSE OF ACTION
## FAILURE TO TIMELY PROVIDE EMPLOYMENT RECORDS
## (VIOLATION OF LABOR CODE § 1198.5)
## (AGAINST ATOS)

79. Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth fully herein.

80. Employers in California are required to "maintain a copy of each employee's personnel records" and make a current or former "employee's personnel records available for inspection, and, if requested by the employee or his or her representative, provide a copy thereof." Cal. Labor Code § 1198.5(c)(1) -{3). "Every current and former employee, or his or her representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee." Cal. Labor Code § l198.5(a).

81. Employers are required to "make the contents of those personnel records available for inspection to the current or former employee, or his or her representative, at reasonable intervals and at reasonable times, but not later than 30 calendar days from the date the employer receives a written request." Cal. Labor Code § 1198.5(b)(l).

82. Plaintiff requested her personnel records through her counsel on November 20, 2020. Atos failed or refused to respond to the request and provided no records whatsoever.

83. Plaintiff has been prejudiced in her efforts to obtain relief by her inability to access critical employment information.

84. Atos has violated Labor Code § 1198.5 by failing to provide employee personnel records within thirty (30) days of the initial request for their production. As a result, Plaintiff is entitled to: injunctive relief to compel Atos to produce the documents; the seven-hundred and fifty dollar ($750) penalty from Atos provided by Labor Code § 1198.5(k); and her attorneys' fees and costs related to this request, among other things.

## V.
## FIFTH CAUSE OF ACTION
### (VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.*)
### (AGAINST ATOS)

85. Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth fully herein.

86. The California Unfair Competition Law, California Business and Professions Code § 17200 *et seq*. ("UCL" or "B&P"), defines unfair competition to include any "unlawful," "unfair," or "fraudulent" business act or practice. Cal. Bus. & Prof. Code § 17200.

87. Defendants' conduct, as alleged above constitutes unlawful, unfair and/or fraudulent business practices for the reasons set forth above.

88. As a result of Defendants' unlawful, unfair and fraudulent conduct, Plaintiff suffered emotional distress, humiliation, embarrassment, and the loss of enjoyment of life, manifested by feelings of depression, humiliation, embarrassment, anxiety, nervousness, and other symptoms of stress.

89. Pursuant to B&P § 17203, Plaintiff seeks injunctive relief for Defendants' unlawful, unfair and fraudulent conduct and to recover restitution.

///

90. Pursuant to Code of Civil Procedure § 1021.5, Plaintiffs and other aggrieved parties are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

91. Under B&P § 17203, Plaintiff, seeks an order of this Court: (a) enjoining Defendants from continuing to engage, use, or employ any unlawful, unfair and/or deceptive business act or practice and any act prohibited by B&P § 17200 *et seq*.; and (b) restoring all monies that may have been acquired by Defendants as a result of such unlawful, unfair or deceptive acts or practices.

## **INJUNCTIVE RELIEF**

92. Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth fully herein.

93. Plaintiff seeks all appropriate injunctive relief, including, but not limited to, instituting policies, procedures, and training to ensure compliance with the FEHA, and the production of Plaintiff's personnel records.

94. No previous application for this injunctive relief has been made to this Court.

95. If this Court does not grant the injunctive relief sought herein, Plaintiff will be irreparably harmed.

96. No plain, adequate, or complete remedy at law is available to Plaintiff to redress the wrongs addressed herein.

## **PRAYER**

WHEREFORE, Plaintiff CAROL EDWARDS prays for judgment against Defendants as follows:

1. For emotional distress damages in an amount to be proven at trial;
2. For compensatory, economic, general, and special damages in amounts to be proven at trial;
3. For the reasonable value of attorney services and fees, pursuant to applicable statutes;
4. For prejudgment interest;

5. For the Court to enter an injunction for any and all appropriate relief, including, but not limited to: (a) instituting policies, procedures, and training to ensure compliance with FEHA; (b) compelling Atos to immediately produce Plaintiff's personnel records; (c) enjoining Defendants from continuing to engage, use, or employ any unlawful, unfair and/or deceptive business act or practice and any act prohibited by B&P § 17200 et seq.; and (d) restoring all monies that may have been acquired by Defendants as a result of such unlawful, unfair or deceptive acts or practices;

6. Under B&P § 17206, that Atos be assessed a civil penalty in the amount of $2,500 for each violation of the UCL, according to proof;

7. Under B&P § 17536, that Atos be assessed a civil penalty in the amount of $2,500 for each violation of B&P § 17500, according to proof;

8. Under Labor Code § 1198.5(k), that Atos be ordered to pay Plaintiff $750 for its failure to timely produce personnel records; and

9. For such other and further relief as the court may deem just and proper.

DATED: December 29, 2020              HKM EMPLOYMENT ATTORNEYS LLP

/s/ *Cecilia Brennan*
Cecilia N. Brennan, Esq.
Attorneys for Plaintiff
CAROL EDWARDS

*and*

/s/ *Brian P. Benestad*
Brian P. Benestad, Esq.
PA. I.D. 208857
HKM EMPLOYMENT ATTORNEYS LLP
220 Grant Street, Suite 401
Pittsburgh, PA 15219
412.485.0133 bbenestad@hkm.com
(*Seeking pro hoc vice admission*)

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable that are alleged in this Complaint.

DATED:   December 29, 2020        HKM EMPLOYMENT ATTORNEYS LLP

/s/ *Cecilia Brennan*
Cecilia N. Brennan, Esq.
Attorneys for Plaintiff
CAROL EDWARDS